UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZULEMA RENEE BONNER-TURNER, as
Personal Representative for the Estate of
Alphonso Turner, deceased,

      Plaintiff,                      CASE NO. 12-10487
                                          HON. LAWRENCE P. ZATKOFF
v.

CITY OF ECORSE, DIRECTOR OF PUBLIC
SAFETY GERALD CHAMPAGNE, SGT. JAMES
FRIERSON, SGT. WILLIAM McCAIG, OFFICER
WILLIAM MARKS, OFFICER CELESTE GRAHAM,
and OTHER UNKNOWN OFFICERS, Individually
and in their Official Capacities, jointly and severally,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 25th day of June, 2014

PRESENT:    THE HONORABLE LAWRENCE P. ZATKOFF
                    UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration (Docket #56). Therein, Plaintiff argues that the Court erred: (1) by concluding that the City of Ecorse (the "City") was not subject to municipal liability based on the supervisory liability of Defendant William McCaig ("McCaig"), (2) by applying the wrong standard in assessing Plaintiff's claim that Defendants failed to provide medical care as it relates to Alphonso Turner ("Turner"), and (3) because there are questions of fact as it relates to Plaintiff's deliberate indifference claims. Pursuant

to E.D. Mich. L.R. 7.1(h)(2), "[n]o response to the motion and no oral argument are permitted unless the court orders otherwise." In this case, the Court concludes that neither a response nor oral argument are necessary. For the reasons that follow, the Court denies Plaintiff's motion.

## II. BACKGROUND

The factual and procedural background of this case is set forth at great length in the Court's March 27, 2014, Opinion and Order (the "Opinion"), and that background is hereby incorporated by reference.

## III. LEGAL STANDARD

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) demonstrate a palpable defect by which the Court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). As set forth below, the Court finds that Plaintiff has not met her burden with respect to any issue she raised.

## IV. ANALYSIS

### A. Municipal Liability of the City

Plaintiff contends that the Court erred in "appear[ing] to suggest that there were no Constitutional violations committed by McCaig as a supervisor" when analyzing the municipal

liability of the City. Plaintiff relies on the language in the Opinion where the Court found that there was a question of fact as to whether McCaig was liable for failing to intervene when his subordinate, Defendant William Marks ("Marks"), tased Turner. In fact, the Court did state that: "Not only was [McCaig] another officer on the scene, he was also Marks' supervisor and could have ordered Marks not to taser Turner . . ."

There are two fatal problems with Plaintiff's argument on the issue of municipal liability. First, as it relates to supervisory liability, Plaintiff's brief in response to Defendants' motion for summary judgment lacked any assertion that McCaig was subject to supervisory liability with respect to Marks' tasing of Turner. Rather, as noted in the Opinion, the entirety of Plaintiff's argument regarding supervisory liability was:

> Here, force used by Marks in the hallway was unconstitutional, as was the decision of Frierson, McCaig, and their subordinates not to bring Turner to the hospital despite their knowledge of his suicidal tendencies, when he begged for medical attention and couldn't breathe. *See* Ex. 19 [Affidavit of Calvin Shackelford, also a prisoner in the City jail on September 26, 2010]. McCaig actually participated in the unconstitutional use of force. *See* Ex. 15 [video of booking cell and hallway areas of the City jail when Turner was there on September 26, 2010]. McCaig and Frierson may be held liable for unconstitutional supervision. *See Campbell v. City of Springboro, Ohio*, 700 F.3d 779, 789-90 (6th Cir. 2012).

As the Court concluded in the Opinion, however, there was no constitutional violation with respect to the underlying conduct identified by Plaintiff in her response brief, *i.e.*, the alleged misconduct that occurred in the City jail. As the language from Plaintiff's response brief clearly evidences, Plaintiff did not at any time argue that McCaig was subject to supervisory liability with respect to Marks' tasing of Turner. Therefore, as Plaintiff did not argue that issue, and as it is not the Court's role to create arguments for the parties, the issue of McCaig's supervisory liability for Marks' tasing was not before the Court when it decided Defendants' motion for summary judgment.

3

Second, Plaintiff's arguments in her response brief regarding alleged municipal liability of the City were completely devoid of any discussion that the municipal liability could be tied to any role by McCaig as it related to the tasing incident. In fact, McCaig was not even mentioned in the municipal liability sections of Plaintiff's response dedicated to the alleged supervisory liability. The only mention of municipal liability related to the tasing incident was tied to the alleged failure of Defendant Gerald Champagne, the Director of Public Safety for the City's Police Department, to maintain records of prior officer misconduct. Therefore, when the Court decided Defendants' motion for summary judgment, there was no issue before the Court regarding municipal liability of the City based on McCaig's supervisory liability related to Marks' tasing of Turner.

For the foregoing reasons, Plaintiff's motion for reconsideration as it relates to municipal liability of the City is denied.

**B.      Legal Standard Regarding the Failure to Provide Medical Care to a Pretrial Detainee**

Plaintiff next argues that the Court's analysis regarding Plaintiff's claim of failure to provide medical care should have been based on the Fourth Amendment's objective reasonableness standard because Turner was a pretrial detainee. *Relying on Aldini v. Johnson*, 609 F.3d 858, 867 (6th Cir. 2010). Plaintiff's argument is erroneous.

The Sixth Circuit has held that the Fourth Amendment's objective reasonableness standard, not the Fourteenth Amendment standard, applies to a pretrial detainee—sometimes. *See, e.g., id.* In fact, the Court noted as much in its Opinion when it stated that the Fourth Amendment standard was to be used in assessing an officer's use of force against the detainee. *Citing Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2008); *Phelps v. Coy*, 286 F.3d 295, 299-300 (6th Cir. 2002).

4

Significantly, the *Aldini* case Plaintiff cites in her motion for reconsideration was, like this case, an excessive force case. *Aldini* was not a case that addressed the legal standard to be utilized by a court when assessing a claim for failure to provide medical care. Accordingly, Plaintiff purports to rely on two Seventh Circuit cases, *Williams v. Rodriguez*, 509 F.3d 392 (7th Cir. 2007), and *Lopez v. City of Chicago*, 464 F.3d 711 (7th Cir. 2006), as examples of courts "correctly analyz[ing] a failure to provide medical care claim to a pretrial detainee under the Fourth Amendment's 'objective reasonable[ness] standard.'" Plaintiff misread or misrepresents the holding in those cases. For example, in the *Williams* case, the court noted that the deliberate indifference standard is to be used in assessing medical care claims of pretrial detainees:

> Although the Eighth Amendment only applies to convicted prisoners, this court has previously stated that the same standard applies to pretrial detainees under the Fourteenth Amendment's due process clause. *See Cavalieri v. Shepard,* 321 F.3d 616, 620 (7th Cir.2003) ("The Eighth Amendment does not apply to pretrial detainees, but as a pretrial detainee, [Plaintiff] was entitled to at least the same protection against deliberate indifference to his basic needs as is available to convicted prisoners under the Eighth Amendment."); *see also Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 764 (7th Cir.2002) ("when considering a pretrial detainee's claim of inadequate medical care, we frequently turn to the analogous standards of Eighth Amendment jurisprudence"). Under this standard, "plaintiff has the burden of showing that (1) the harm to the plaintiff was objectively serious; and (2) that the official was deliberately indifferent to [his] health or safety." *Cavalieri,* 321 F.3d at 620. Defendants do not address the second element of this standard in their brief and instead solely argue that Williams's harm was not objectively serious.

*Williams*, 509 F.3d at 401.[1] In other words, claims for failure to provide medical care are evaluated under the deliberate indifference standard, the same standard set forth—and utilized—by the Court in the Opinion.

---

[1] *Lopez* did not involve a claim for failure to provide medical care; rather, the plaintiff based his claims on the conditions of his confinement and treatment by the officers. As such, that case also provides no support for Plaintiff's argument.

Therefore, for the foregoing reasons, the Court denies Plaintiff's motion for reconsideration insofar as it is based on the Court's failure to use the correct legal standard to analyze Plaintiff's claims for failure to provide medical care.

## C.     Questions of Fact Remain on Deliberate Indifference Claims

Plaintiff's arguments that questions of fact remain on her deliberate indifference claims "merely present the same issues ruled upon by the court, either expressly or by reasonable implication." As such, the Court denies Plaintiff's motion for reconsideration to the extent she contends that questions of fact remain regarding her deliberate indifference claims. *See* E.D. Mich. L.R. 7.1(h)(3).

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby DENIES Plaintiff's Motion for Reconsideration (Docket #56).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2014