# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ZULEMA RENEE BONNER-TURNER, as
Personal Representative for the Estate of
Alphonso Turner, deceased,

      Plaintiff,                    CASE NO. 12-10487
                                            HON. LAWRENCE P. ZATKOFF

v.

CITY OF ECORSE, DIRECTOR OF PUBLIC
SAFETY GERALD CHAMPAGNE, SGT. JAMES
FRIERSON, SGT. WILLIAM McCAIG, OFFICER
WILLIAM MARKS, OFFICER CELESTE GRAHAM,
and OTHER UNKNOWN OFFICERS, Individually
and in their Official Capacities, jointly and severally,

      Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 25th day of June, 2014

PRESENT:    THE HONORABLE LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for certificate of appealability pursuant to Federal Rule of Civil Procedure 54(b) [dkt 57]. No Defendants have filed a response to the motion. The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the motion and brief submitted by Plaintiff. For the following reasons, Plaintiff's motion is DENIED.

## II. BACKGROUND

The factual and procedural background of this case is set forth at great length in the Court's March 27, 2014, Opinion and Order (the "Opinion"), and that background is hereby incorporated by reference. In that Opinion, the Court addressed Defendants' motion for summary judgment and held that:

1. A genuine dispute as to material fact exists with respect to Plaintiff's excessive force claim against Defendants William Marks ("Marks") and William McCaig ("McCaig") based on Marks tasing Alphonso Turner ("Turner"); and

2. No genuine dispute of material fact exists with respect to the balance of Plaintiff's claims.

The Court denied Plaintiff's motion for reconsideration of the dismissal of all Plaintiff's claims other than the excessive force claim against McCaig and Marks based on the tasing of Turner by Marks.

## III. LEGAL STANDARD

Pursuant to Rule 54(b), a district court may certify an issue for interlocutory appeal prior to the ultimate disposition of a case. *See Lowery v. Fed. Express Corp.*, 426 F.3d 817, 820–21 (6th Cir. 2005); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 3 (1980); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742–43 (1976); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956). Rule 54(b) states:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

*Id.* (emphasis added). *See also Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986) (stating that the rule is "designed to facilitate the entry of judgment on one or more claims, or as to

one or more parties, in a multi-claim/multi-party action").

Rule 54(b) certification requires the Court to make two determinations. First, the district court must determine if it may enter final judgment as to one or more, but fewer than all, claims or parties. *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1027 (6th Cir. 1994). Second, the district court must "determine[] that there is no just reason" to delay appellate review. Fed. R. Civ. P. 54(b); *Gen. Acquisition*, 23 F.3d at 1030.

## IV.  ANALYSIS

Plaintiff seeks an interlocutory appeal of the Court's rulings in favor of Defendants that resulted in dismissal of all but one of Plaintiff's claims. Plaintiff argues that judicial economy is best served by certifying the Court's rulings for appeal under Rule 54(b) now. Defendants did not concur in Plaintiff's request for the instant motion, nor did they file a response to the instant motion. For the reasons that follow, the Court declines to issue a Rule 54(b) certification in this case.

### A.  FINAL JUDGMENT

The Court need not determine if Plaintiff asserts multiple claims or whether there are multiple parties because, for the reasons set forth below, the Court concludes there are reasons to delay an appeal in this case.

### B.  REASON FOR DELAY

To determine if Rule 54(b) certification is proper, the Court must "weigh and examine the competing factors involved in the certification decision." *Solomon*, 782 F.2d at 61–62; *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) ("[T]he district court's discretion is not unbounded."). In *Corrosioneering, Inc.*, the Sixth Circuit stated that the Court should consider the following non-exhaustive list of factors when making a Rule 54(b)

determination:

> (1) the relationship between the adjudicated and unadjudicated claims;
>
> (2) the possibility that the need for review might or might not be mooted by future developments in the district court;
>
> (3) the possibility that the reviewing court might be obliged to consider the same issue a second time;
>
> (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and
>
> (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Corrosioneering, Inc.*, 807 F.2d at 1283 (citation omitted); *Solomon*, 782 F.2d at 61 n.2.

After consideration of the foregoing factors and the totality of the case, the Court concludes that there are several reasons for not certifying this case for appeal pursuant to Rule 54(b). First, even if the Court of Appeals affirms all of this Court's rulings in favor of Defendants, Defendants Marks and McCaig will still be subject to trial on the remaining count before this Court. At least according to Plaintiff's motion for reconsideration, the City is subject to supervisory liability with respect to that incident and, presumably, would try to argue as much on appeal. To the extent a trial is held with respect to the liability of Marks and McCaig with respect to the tasing incident and Marks and McCaig prevail, however, the alleged supervisory liability of the City would be rendered moot.

Second, any trial regarding the sole remaining claim for excessive force against Marks and McCaig based on the tasing incident will not be lengthy and should not be expensive. There are only two possible witnesses that can provide direct testimony as to what transpired during the brief

time of the alleged tasing. At trial, the parties will not have the opportunity to, nor will testimony be permitted to try to, recreate the entire evening or series of events that led to Turner sitting in the back of Marks' patrol car.

Third, based on the respective values of this case set forth by the parties, the Court does not find persuasive Plaintiff's argument that this case is more likely to settle following appeal than conducting a final pretrial conference and scheduling it for trial. Finally, the Court notes that Marks and McCaig have not appealed the denial of qualified immunity with respect to the tasing incident, as they have a right to do. As such, unlike in *Marcilis v. Redford Twp.*, No. 09-11624 (E.D. Mich. Jan. 25, 2011), where the defendants had appealed the denial of qualified immunity prior to the ruling on the Rule 54(b) motion, the entirety of the tasing incident remains before the Court and will not be considered by the Sixth Circuit at this time.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for certificate of appealability pursuant to Rule 54(b) [dkt 57] is DENIED.

IT IS SO ORDERED.

          s/Lawrence P. Zatkoff
          LAWRENCE P. ZATKOFF
          UNITED STATES DISTRICT JUDGE

Dated: June 25, 2014