UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZULEMA RENEE BONNER-TURNER,
as Personal Representative for the Estate
of Alphonso Turner, deceased

    Plaintiff,                                              Civil Action No. 12-CV-10487
                                                      HON. BERNARD A. FRIEDMAN

vs.

CITY OF ECORSE, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATE OF APPEALABILITY

The Court held a pretrial conference in this matter on September 24, 2014, during which plaintiff orally renewed its motion for a certificate of appealability pursuant to Fed. R. Civ. P. 54(b) [docket entry 57]. The Court incorporates Judge Zatkoff's summary of the underlying facts of this case by reference to his order dated March 27, 2014 [docket entry 54]. The instant motion is granted for the following reasons.

Rule 54(b) allows for "immediate review of certain district court orders prior to the ultimate disposition of a case." Gen. Acquisition, Inc. v. GenCorp., Inc., 23 F.3d 1022, 1026 (6th Cir. 1994). Certifying a judgment for appeal under Rule 54(b) is a two-step process. "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must expressly determine that there is no just reason to delay appellate review." Id. (quotation marks and citations omitted). The second step requires district courts to evaluate the following nonexhaustive list of factors, namely:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

Id. at 1030 (quoting Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc., 807 F.2d 1279, 1283 (6th Cir. 1986)).  A district court must provide sufficient grounds for certifying an immediate appeal otherwise the Sixth Circuit Court of Appeals will not have jurisdiction to entertain the matter. See Adler v. Elk Glenn, LLC, No.14-5159, 2014 U.S. App. LEXIS 13044, at *1-4 (6th Cir. Jul. 10, 2014); Soliday v. Miami County, 55 F.3d 1158, 1163 (6th Cir. 1995).

With respect to the first step, the Court will enter final judgment solely with respect to the dismissed claims.  This ruling leaves unresolved the excessive force claim related to the tasing of the decent, which does not "share a single aggregate of operative facts" with the dismissed claims pertaining to the decedent's treatment inside the Ecorse City jail. GenCorp., Inc. v. Olin Corp., 390 F.3d 433, 442 (6th Cir. 2004) (quotation marks omitted).

As for the second step, the Court agrees with plaintiff that there is no just reason to delay immediate appellate review.  First, the tasing/excessive force claim is separate and distinct from the dismissed claims because, as stated above, the later claims are predicated almost entirely upon the treatment the decedent received inside the Ecorse City jail.[1]  Second, it does not appear that the need for immediate appellate review would be obviated by further developments in this Court.  As to this

---

[1] With the exception of a passing reference inserted at the end of her response papers, plaintiff's claims for municipal and supervisory liability do not substantively focus on the facts surrounding the tasing of the decedent. See Pl.'s Resp. at 30 (stating that "[a] jury may find that [the City of Ecorse's failure to maintain records of prior police misconduct] resulted in the unconstitutional tasing of Turner.").

factor, the Court disagrees with Judge Zatkoff's ruling that a trial on the tasing/excessive force claim could somehow moot plaintiff's claims for municipal and supervisory liability should a jury exonerate the individual officers as, again, the later claims are almost entirely based upon the treatment the decedent received inside the Ecorse City jail. Third, the Sixth Circuit would not be faced with the likelihood of considering the same issues a second time because any resulting trial would consolidate all of the outstanding causes action. Fourth, there is no claim or counterclaim of which this Court is aware that would result in a set-off against the judgment. And fifth, considerations of delay and judicial economy weigh in favor of certifying this matter for immediate appellate review as it would significantly diminish the prospect of trying the case twice. Accordingly,

IT IS ORDERED that plaintiff's renewed motion for a certificate of appealability pursuant to Fed. R. Civ. P. 54(b) is granted and judgment is hereby entered with respect to the dismissed claims.

IT IS FURTHER ORDERED that the matter is stayed pending the Sixth Circuit Court of Appeals' decision regarding whether to accept the interlocutory appeal.

S/ Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 3, 2014
Detroit, Michigan